(No. 76-CC-2389-)

STEPHEN MYDLO and MARY MYDLO, Claimants, *v.* THE STATE
OF ILLINOIS, Respondent.

*Opinion filed December 6, 1982.*

RIPPLINGER, DIXON & HOFFMAN (GEORGE R. RIPPLIN-
GER, JR., of counsel), for Claimants.

TYRONE C. FAHNER, Attorney General (SUE MUELLER,
Assistant Attorney General, of counsel), for Respondent.

POCH, J.

Claimants Stephen and Mary Mydlo have brought
this action to recover for permanent salt damage done to
premises that they occupy by reason of a salt storage pile
maintained by Respondent on property adjacent and
uphill from Claimants' property. Evidence conceiving the
facts was heard by a commissioner of this Court. The fol-
lowing summarizes the evidence.

The Claimants purchased their home in Fairview
Heights in 1962. Adjacent to Claimants' property and
behind the lot, the State of Illinois maintained a salt pile.
The salt pile was located on property that was higher
than the lot upon which the Mydlos' home was located.
It was agreed by the parties at the hearing that as a result
of the location of the salt pile on Respondent's storage
area, salt had permeated a portion of the Claimants' land
and continued to do so at the time of the hearing.
Respondent, through the cooperation of Claimants, has
attempted many different ways of remedying the prob-
lem of salt permeation on Claimants' property and the
resultant destruction of ground cover and grass. The

attempts by Respondent to correct the condition have not improved the condition. The parties stipulated at the hearing before the commissioner that the only issue to be determined by the Court was the amount of compensation to be paid to the Claimants.

Claimants called David F. Gordon, a real estate appraiser from Belleville, Illinois. Mr. Gordon had been an appraiser since 1946 and testified that he had done an appraisal on the property of the Claimants. The appraiser testified that the Claimants own a one-story, one-family home which was built in 1964, and that the damage to said property was in the total sum of $10,724.00, which includes an assessment of $4,200.00, which was damage to the remainder of the property as a result of the existence of the condition, and $1,872.00 for screening or fencing necessary to obviate the effects of the damaged portion of Claimants' lot.

An appraiser called by the State, Lee Bierman, who was an appraiser with qualifications comparable to the appraiser called by Claimants, testified that the amount of the damage to Claimants' lot was $2,075.00.

Claimants argue that the measure of damages for property damaged by a public use but not taken is the same in a landowner's action at law to recover damages as in a condemnation proceeding. *(Kane v. City of Chicago* (1946), 392 Ill. 172, 64 N.E.2d 506, 509.) Further, Claimants argue that the salt-affected property at the rear of Claimants' lot must be considered to be a complete and permanent taking. We do not accept this argument. That fact that a portion of the back yard will not sustain grass growth does not render the property totally unuseable. However, there has been damage to the property for which Claimants are entitled to remuneration.

First, there appears to be little question that the por-

tion of the back yard affected has been permanently damaged. As noted above, we do not perceive the damage to constitute a "complete, permanent taking." For that reason, we recommend that Claimants' testimony to the effect of the "taking" be reduced from the sum of $4,652.00 to $2,326.00. With respect to the matter of erecting a fence, we are not conviced that under the law with respect to damages such as the kind in the case at bar that Respondent is responsible for building a screening fence for aesthetic purposes. We recommend, therefore, no award with respect to the estimated cost of fencing.

Finally, with respect to damage to the remainder, testified by Claimants' appraiser to be $4,200.00, we believe that Claimants' appraisal should be accepted at face value. Neither in the evidence produced by Respondent nor in any brief did the Respondent rebut or contradict this testimony. The commissioner, who heard the testimony of the witnesses, has recommended that the Court assess the damages of $6,526.00. We believe his conclusion to be reasonable.

We, therefore, award Claimants the sum of six thousand five hundred twenty six ($6,526.00) dollars.